**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

William M. McLaren
Assistant U.S. Attorney
william.mclaren@usdoj.gov
(541) 465-6771
***Reply to Eugene Office***



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

April 6, 2026

David M. Veverka
David M. Veverka, P.C.
249 NE Lincoln Street
Hillsboro, OR 97124

> Re:  *United States v. Steven A. Quiroga-Solano*, Case No. 6:25-CR-00493-06-MC
> Plea Agreement Letter

Dear Mr. Veverka:

1.  **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.  **Charges**: Defendant agrees to plead guilty to Count One of the Indictment, which charges him with Conspiracy to Commit Interstate Transportation of Stolen Goods, in violation of Title 18, United States Code, Sections 371 and 2314.

3.  **Penalties**: The maximum sentence associated with Count One is 5 years' imprisonment, a fine of $250,000, a 3-year term of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below.

4.  **Dismissal/No Prosecution**: The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

Defendant understands that because defendant is not a citizen of the United States, defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.

David M. Veverka
Re: Quiroga-Solano Plea Agreement Letter
Page 2
April 6, 2026

5.　　**Elements:** In order for defendant to be found guilty of Count One of the Indictment, he agrees and admits the government can prove the following elements beyond a reasonable doubt:

First, there was an agreement between two or more persons to transport, transfer, or transmit goods, wares, merchandise, and money, the value of which was at least $5,000, which defendant knew to be stolen, in interstate or foreign commerce; and

Second, defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

6.　　**Factual Basis:** Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crimes to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty pleas. The following facts are true and undisputed:

Beginning on an unknown date, but no later than October 3, 2025, and continuing to October 9, 2025, Steven Alexander Quiroga-Solano combined and conspired with others, to include Robinson Andres Camacho-Rodriguez, Derinson Martinez-Grandas, Jesson Quintero, Edwin Andres Cadena-Pineda, Jhon Alexander Quintero-Cadena, and William Estiven Rodriguez-Gaviria ("co-conspirators"), to burglarize the homes of Asian American business owners in multiple states, to include Washington and Oregon.

As a result of their investigation, authorities learned that Mr. Quiroga-Solano and his co-conspirators drove from state to state, secured short-term rentals, and identified potential burglary victims. After learning the victims' patterns, the conspirators would burglarize or attempt to burglarize their homes. The conspirators would coordinate during burglaries on seven-way calls using dedicated cellular devices and encrypted communication platforms, including WhatsApp. The conspirators would establish perimeters, lookouts, and one or more co-conspirators would approach the targeted home wearing a mask and posing as a food delivery person. Conspirators would then forcibly enter their victims' homes and steal their valuables.

During the conspiracy, Mr. Quiroga-Solano and his co-conspirators burglarized or attempted to burglarize the homes of Asian American families in Auburn, Washington as well as Gresham, Eugene, and Salem, Oregon. During the attempted Gresham burglary, a resident was present and Mr. Quiroga-Solano's co-conspirator who was attempting to enter fled upon noticing his presence. The investigation revealed that Mr. Quiroga-Solano was involved in overt acts to include (1) performing internet research related to Chinese restaurants two days before the conspirators burglarized a family owning a Chinese restaurant; (2) being in the vicinity of the Gresham victim's home the night before it was burglarized; and (3) returning to a Eugene short-term rental to package stolen property the night of the Salem burglary.

David M. Veverka
Re: Quiroga-Solano Plea Agreement Letter
Page 3
April 6, 2026

7.      **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8.      **Relevant Conduct**: The parties agree that defendant's relevant conduct, as defined in USSG § 1B1.3, includes the unlawful conduct detailed in the factual basis above. For sentencing purposes, the parties agree that a Base Offense Level of 6 applies, pursuant to USSG § 2B1.1(a)(2). Additionally, the parties agree that a 6-level upward adjustment applies because the loss total exceeded $40,000, pursuant to USSG § 2B1.1(b)(1)(D) and a 2-level upward adjustment because the offense used sophisticated means, pursuant to USSG § 2B1.1(b)(10)(C). Given that defendant attempted to flee the United States following his initial arrest, the government will argue that a 2-level upward adjustment applies, pursuant to USSG § 3C1.1. Defendant reserves the right to contest that adjustment. Given the severity of the offense conduct, numerous victims, the targeted nature of the organized criminal activity, and defendant's history and characteristics, the government will seek an additional one-level upward variance pursuant to 18 U.S.C. § 3553(a). Defendant reserves the right to contest that variance.

9.      **Acceptance of Responsibility and Zero-Point Offender**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1. The parties also agree to jointly recommend a 2-level downward departure for zero-point offender status pursuant to U.S.S.G. § 4C1.1, as long as the criminal history portion of the pre-sentence investigation report supports such a departure.

10.     **Sentencing Recommendation**: The USAO will recommend the high end of the applicable guideline range as informed by the relevant conduct and adjustments detailed above, which the government estimates to be 21 months, so long as defendant demonstrates an acceptance of responsibility as explained above. The defendant may recommend any lawful sentence.

        The Lane County District Attorney's Office in Eugene, Oregon has informed the USAO that if Mr. Quiroga-Solano accepts this plea offer, pleads guilty to its terms, is sentenced federally to at least 21 months' imprisonment, and Mr. Quiroga-Solano pleads guilty to the charges in pending criminal case number 25CR56754 in Lane County, the Lane County District Attorney's Office will agree to recommend a sentence not to exceed 18 months, to run concurrent to the federal sentence in that case. Should Mr. Quiroga-Solano be sentenced to fewer than 21 months' imprisonment in the federal case, the Lane County District Attorney's Office

David M. Veverka
Re: Quiroga-Solano Plea Agreement Letter
Page 4
April 6, 2026

reserves its right to proceed with any recommended sentence in the state case and is relieved of any obligation under this agreement.

11.    **Additional Departures, Adjustments, or Variances**:

A.    Defendant reserves the right to seek a downward variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request. The basis for the departure, adjustment, or variance shall be limited to 18 U.S.C. § 3553(a).

B.    Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

12.    **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13.    **Forfeiture Terms**:

A.    **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853, including his cellular devices, which defendant admits were used to facilitate defendant's criminal activity in violation of 18 U.S.C. § 371 as set forth in Count One of the Indictment.

David M. Veverka
Re: Quiroga-Solano Plea Agreement Letter
Page 5
April 6, 2026

     B.     **Agreement to Civil Forfeiture**:  Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated.  Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

     C.     **No Alteration or Satisfaction**:  Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets.  Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure.  Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

     D.     **Title Assistance**:  Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

     E.     **Assets Not Identified**:  The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

     F.     **Final Order of Forfeiture**:  Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

14.    **Restitution**:  Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party.  Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office.  Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

///

David M. Veverka
Re: Quiroga-Solano Plea Agreement Letter
Page 6
April 6, 2026

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

### Transfer of Assets
Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

### Restitution
The Court shall order restitution to the victim in the full amount of the victim's losses as determined by the Court. The USAO will provide any restitution requests that are received to the defense and the Court and make any appropriate request for restitution.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due and payable immediately. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO immediately of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

/ / /

David M. Veverka
Re: Quiroga-Solano Plea Agreement Letter
Page 7
April 6, 2026

15.    **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

16.    **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

17.    **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing.  If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

18.    **Memorialization of Agreement**:  No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

/ / /

/ / /

/ / /

/ / /

David M. Veverka
Re: Quiroga-Solano Plea Agreement Letter
Page 8
April 6, 2026

19.    **Deadline**: This plea offer expires if not accepted by April 28, 2026, at 5:00 p.m.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

*s/ William M. McLaren*
WILLIAM M. McLAREN
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

4/14/26
Date

Steven A. Quiroga-Solano
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

4/14/26
Date

David M. Veverka
Attorney for Defendant

I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case. I fully and accurately interpreted discussions between the defendant and the attorney.

_____
Date

_____
Interpreter